## ADRIAN C. ELLIS *et al.*, APPELLANTS, *v.* WASHOE COUNTY, RESPONDENT.

EMPLOYMENT OF ATTORNEYS BY COUNTIES. County commissioners have authority to employ attorneys to protect the interests of their county in litigation affecting it, and to bind their county by contracts for the payment of such attorneys' fees.

POWER OF COUNTY COMMISSIONERS TO EMPLOY ATTORNEYS. Section 8, subdivision 12, of the statute concerning county commissioners, (Stats. 1871, 48) giving them power " to control the prosecution or defense of all suits to which the county is a party," embraces the power to employ and pay counsel (besides the district attorney) not only in suits in which the county is a party on the record, but in those in which it may be a party in interest.

APPEAL from the District Court of the Second Judicial District, Washoe County.

This was an action by A. C. Ellis and S. D. King, composing the law firm of Ellis & King, to recover their fees for professional services in the case of *Hess* v. *Pegg et als.*, reported *ante.*

*Ellis & King*, for Appellants.

By the Court, LEWIS, C. J.:

It is alleged in the complaint filed in this action, that the plaintiffs are associated together in the practice of law, and that they are duly licensed so to practice both in the federal courts and those of the state; that on the twenty-sixth day of March, A. D. 1871, they entered into a contract with the defendant, whereby they agreed to render and perform for it certain legal services; and the defendant undertook and promised to pay therefor the sum of one thousand dollars in gold coin of the United States; that in pursuance of such agreement, the plaintiffs, between the twenty-sixth day of March, A. D. 1871, and the third day of May of the same year, defended a certain suit in the district court of the second judicial district of the state of Nevada, in and for said county of Washoe, wherein Lewis Hess was plaintiff, and Charles W. Pegg *et als.* were defendants, and upon appeal from said court to the Supreme Court of the state, which action was instituted to test the validity

of an act of the legislature of the state of Nevada, entitled " an act to change the county seat of the county of Washoe," approved February 17th, 1871, removing the county seat of said county from the town of Washoe City to the town of Reno in said county, in which action the defendant was directly interested; that the services so rendered by the plaintiffs were all that were to be performed by plaintiffs under said contract; that the said services were reasonably worth the sum of one thousand dollars in gold coin of the United States; that the defendant, although often requested so to do, has hitherto failed and refused, and still fails and refuses to pay said sum of one thousand dollars, or any part thereof. It is also alleged that the plaintiffs presented their claim for the services so rendered to the board of said county commissioners for allowance on the fourth day of May, 1871, and that on the same day the said board allowed and ordered paid the whole thereof, to-wit: one thousand dollars in gold coin; that afterwards, but before the bringing of this action, the county recorder and *ex officio* county auditor of said county, received the order of the said board of commissioners allowing said claim and ordering the payment thereof; and that said recorder then and thereupon refused to audit and allow the same, but rejected said claim, and still refuses to audit and allow it; that afterwards, and before the bringing of the suit, said order was presented to said board of county commissioners, with the refusal of said auditor to audit and allow the same, endorsed thereon; that said board afterwards failed and refused, and still fails and refuses to order the issuance of the proper warrant for said claim, or the payment thereof. Judgment is prayed for the sum of one thousand dollars.

The complaint was demurred to upon the grounds that it did not state facts sufficient to constitute a cause of action; the demurrer sustained and judgment for costs rendered against the plaintiffs.

It is quite evident if the county commissioners had the power to bind the county by a contract such as that counted on in the complaint, the demurrer should not have been sustained; for a contract otherwise complete and valid is set out, and the breach properly alleged. The only question to be determined then is, whether the commissioners possessed the authority so to bind the county. This

particular power is not given in express terms, but the power " to control the prosecution or defense of all suits to which the county is a party," which is given in Subdivision 12 of Section 8, Laws of 1871, clearly embraces the power to employ counsel to protect the interest of the county.    Litigation can only be controlled by means of attorneys having the authority to appear in the courts; hence, to give full effect to this power, the commissioners must in the very outset have the power to employ counsel.    Nor is it any answer to say that the law designates and provides an attorney for that purpose—the district attorney; for it is not unfrequently the case that he may be unable to attend to the business of the county, or its interests in some particular suit may be of such magnitude that the assistance of other counsel would be very desirable, or possibly indispensable.    Upon a similar statute, and under like circumstances, the Supreme Court of California has held, in conformity with these views, first in the case of *Smith* v. *The Mayor of Sacramento*, 13 Cal. 531, and again in *Hornblower* v. *Duden*, 35 Cal. 664.    In the latter case, the court say upon this question:   " The point as to the power of the board to employ other counsel than the district attorney is answered by the case of *Smith* v. *The Mayor of Sacramento*, and nothing need be added to what was there said. While the power is not expressly conferred, yet it is obviously embraced in the general power to control the prosecution and defense of all suits to which the county is a party—which we conclude to mean not only suits to which she is a party upon the record, but all suits in the prosecution or defense of which she has, or is supposed to have, an interest."   So we construe the act of this state to confer the power, not only to control all suits to which the county is a party on the record, but to such as it may be a party in interest merely.    Such was manifestly what the legislature meant by party to a suit.

We see no other possible objection which could be made to the complaint.    The demurrer should, therefore, have been overruled, and the court erred in sustaining it.

Ordered accordingly.