## BEN HOLLADAY AND C. TEMPLE EMMET, RESPONDENTS, *v.* S. G. ELLIOTT, APPELLANT.

PRACTICE—APPEAL—NOTICE OF, HOW SERVED ON NON-RESIDENT.—Where the sheriff serves notice of an appeal on non-resident respondents having no attorney in the county, and their places of residence are unknown to him, he may serve the notices on the clerk of the circuit court, notwithstanding the appellant's attorney living in another county may know where the respondents reside.

IDEM — ABANDONMENT OF APPEAL, PARTY NOT PRECLUDED BY.—Where a notice of appeal to the supreme court is served on the respondent, the appellant may abandon it, and give a second notice at any time within the period limited by law for taking appeals.

APPEAL from Marion County. The facts are stated in the opinion.

*W. H. Effinger, R. S. Strahan and John Burnett,* for appellant.

*Dolph, Bronaugh, Dolph & Simon and Thayer & Williams,* for respondents.

By the Court, KELLY, C. J.:

On the eleventh day of March, 1878, the appellant, by his attorney, served a notice of appeal on respondents, who were non-residents of this state; Mr. Holladay being a resident of Washington, D. C., and Mr. Emmett of San Francisco, California. The notice was served by mail, as required by law, and filed with the clerk of the circuit court for Marion county, on the fifteenth day of March, 1878. On the same day, an undertaking for an appeal was also filed, signed by the appellant and W. W. Sweeny as surety. Both appellant and Sweeny were then in San Francisco, although the latter made an affidavit annexed to the undertaking, that he was a resident of Oregon, and possessed the requisite qualifications to become such surety. On the eighteenth day of March, 1878, the respondents notified the attorney of appellant that they excepted to the sufficiency of the surety on the undertaking. The attorney of the appellant becoming satisfied that it would be impossible to procure the attendance of Sweeny so as to justify within the time required by law, abandoned this attempt to appeal. On March 27, 1878, appellant gave a second notice of appeal, and filed the same, together with an undertaking properly executed, and with sufficient surety. This latter notice was served by the sheriff of Marion county, who indorsed his service thereon as follows:

"I hereby certify that I served the within notice of appeal within said county, this twenty-seventh day of March, 1878, on the within named plaintiffs and respondents, Ben

Holladay and C. Temple Emmet, by delivering a copy thereof, for each of them, prepared and certified to by me, as sheriff, to George A. Eades, county clerk, and *ex officio* clerk of the circuit court for said county of Marion, Oregon; and I further certify that, after making diligent search, I have been unable to find either of said plaintiffs and respondents, Ben Holladay or C. Temple Emmet, in said county, and that the residence of both of them is unknown to us, and that none of plaintiffs' attorneys reside within this county.

"J. A. BAKER,<br>
"Sheriff Marion County, Oregon."

On January, 9, 1879, the respondents filed a motion to dismiss the appeal.

On this state of facts two questions are presented for our consideration:

1. Had the appellant a right to abandon his first notice of appeal and give a second notice, and file a new undertaking?

2. If he had that right, was the service of the second notice properly made?

We hold that a party appellant may abandon an attempted appeal when he discovers that he has given an imperfect notice or when it is inconvenient or impossible for the surety to justify in case of exception to his sufficiency. An attempted appeal may be abandoned before it is perfected, and the appellant may give a new notice and undertaking at any time within the period limited by law for taking appeals. An appeal is deemed to be perfected after the time allowed to except to the sureties in the undertaking, or from the justification thereof, if excepted to. (Sec. 527, subdivision 4, Civil Code.)

The appeal first attempted in this case was not perfected, and the appellant could lawfully abandon it and give the second notice and undertaking.

The respondents objected to the sufficiency of the service of the second notice of appeal, for the reason that their places of residence were known to the attorney of appellant, and it was his duty to give that information to the sheriff

who served the notice. We think the service is sufficient. It was made by an officer of the court where the decree was rendered, and by one authorized to serve process, and notices of appeal. It was his knowledge, or rather want of knowledge, of respondents' places of residence; that was to govern him in making the service, not the information or belief of appellant or his attorney. It was the duty of the sheriff to make diligent inquiry in order to ascertain where the respondents resided, and no doubt he did so. But it did not devolve on him to go outside his own county to make that inquiry. When a non-resident suitor obtains a judgment or decree in a county, where he has no resident attorney, he ought to make inquiry of the clerk of the court, whether any notice of appeal be served on him, or to request that officer to forward to him, or his attorney, any notice of appeal which may be left by the appellant. Owing to the rigor of the statutes governing appeals, and the decisions of this court in construing them, the right of appeal is hedged in with so many obstructions, that it is somewhat difficult to take appeals in cases of non-resident respondents. And we think the statute should not be so construed as to add any further restrictions in the way of reaching the appellate court.

The motion to dismiss the appeal is denied.