Argued 27 November; decided 17 December, 1900; rehearing denied 7 January, 1901.

## STATE EX REL. v. HALL.

[ 63 Pac. 13.]

COUNTY COURT—CONTRACT TO COLLECT TAXES.

A county court being the general financial or business agent of the county, and charged with "the care and management" of its business and funds (Hill's Ann. Laws, § 896, subd. 9), may lawfully employ assistance in collecting delinquent taxes which cannot otherwise be collected, there being no interference with the duties of the sheriff, the tax collector: *Burness* v. *Multnomah County*, 37 Or. 460, distinguished.

From Marion: REUBEN P. BOISE, Judge.

Suit by the state, on the relation of Levi Herren, against W. W. Hall, County Clerk of Marion County, and another, to enjoin the delivery by the clerk and payment by

the Treasurer of Marion County of a warrant ordered to
be issued by the county court to George G. Bingham on
a claim presented by him for services in the collection of
delinquent taxes.    The facts are that in September, 1898,
the county court employed Mr. Bingham to collect, or
assist in the collection of, delinquent taxes for the years
1892, 1893, 1894, 1895, and 1896, and to take charge of
the property theretofore bid in by the county judge on de-
linquent tax sales, and collect the amounts due thereon,
or, when advisable, to recover the possession of the prop-
erty by action or otherwise.    At the time of making this
contract the delinquent tax rolls for the years named were
in the hands of the sheriff, but all collections thereon
which could be enforced had been made, and there were
no means of collecting any further or additional taxes by
legal process.    It was Mr. Bingham's duty, under his
contract, to ascertain from the tax rolls the names of de-
linquent taxpayers, to learn their whereabouts, and to
notify them personally or by letter of the amount of their
taxes, and request them to call at the sheriff's office and
pay the same, but he was not in any way authorized to
interfere with the duties of that officer.    For his services
he was to receive fifteen per cent. on all taxes collected
from the rolls of 1895 and 1896, and twenty per cent. on
the amount collected from the other rolls.    On January
6, 1899, he was allowed $180.51 by the county court for
the percentage due him on collections made in pursuance
of his contract, and a warrant was ordered issued in his
favor for the amount thereof.    Before its delivery this
suit was commenced, and a decree rendered in favor of
the plaintiff, and the defendants appeal.    REVERSED.

For appellants there was a brief over the name of *Brown,
Wrightman & Myers*, with an oral argument by *Messrs. F.
T. Wrightman* and *Wm. M. Ramsey*.

For respondent there was a brief over the names of *Samuel L. Hayden*, District Attorney, *R. J. Fleming*, *M. E. Pogue*, and *D. C. Sherman*, with an oral argument by *Mr. Fleming*.

MR. CHIEF JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

The plaintiff bases its right to relief on the ground that the county court had no power or authority to enter into a contract with Mr. Bingham to collect, or to assist in the collection of, delinquent taxes. The argument is that by law the sheriff is made the tax collector of the county, and the county court cannot interfere with his duties. But, conceding this position, the contract in question does not attempt to interfere with the duties of the sheriff or any other officer. The county court by statute is made the general financial or business agent of the county, charged with "the care and management" of its business and funds (Hill's Ann. Laws, § 896, subd. 9), and to that end it may, unless prohibited by law, adopt such means as in its judgment may be proper or expedient to assist a county officer in the discharge of his duties : *Taylor* v. *Umatilla County*, 6 Or. 394; *Burnett* v. *Markley*, 23 Or. 436 (31 Pac. 1050); *Martin* v. *Whitman County*, 1 Wash. St. 533 (20 Pac. 599). And we can see no reason why it may not, if in its judgment necessary, employ some one to collect, or assist in collecting, taxes from delinquent taxpayers from whom payment could not be otherwise enforced. It was so held by the Supreme Court of Iowa, under a statute conferring upon the boards of county supervisors substantially the same powers as conferred upon the county courts of this state : *Wilhelm* v. *Cedar County*, 50 Iowa, 254. In that case it is said : "Now, because the statute does not expressly

37 OR.—31.

authorize the board of supervisors to employ a special agent or attorney to assist in the collection of taxes not collectible by the county treasurer in the discharge of his duty, it does not follow that they may not have the implied power to do so. They have the power 'to represent their respective counties, and to have the care and the management of the property and business of the county in all cases where no other provision is made.' * * * It is the business of the county to collect taxes, and to use all reasonable means to do it. We think, therefore, the board of supervisors had the power to employ the plaintiff to render the service in question.'' The decision in *Burness* v. *Multnomah County*, 37 Or. 460 (60 Pac. 1005), is in no way in conflict with this conclusion. In that case the contract between the county and Noble was held void because it undertook to interfere with the duties of the county clerk by stipulating how and from what data he should make delinquent tax rolls. But, as already said, in this case there was no attempt to interfere with the duties of the sheriff, but, rather, to give him assistance, in order that something might be realized on delinquent taxes which could not be collected by legal process. It follows that the decree of the court below must be reversed, and the complaint dismissed.                                   REVERSED.