Decided 25 November, 1901.

### FISHER *v.* TOMLINSON.

[66 Pac. 390, 66 Pac. 696.]

EFFECT OF ABANDONING AN ATTEMPTED APPEAL.

1. A party may abandon an imperfectly attempted appeal and initiate another one, the unsuccessful attempt not being conclusive of his right: *Holladay* v. *Elliott*, 7 Or. 483, followed; *Schmeer* v. *Schmeer*, 16 Or. 243, and *Nestucca Wagon Road Co.* v. *Landingham*, 24 Or. 439, applied.

MECHANICS' LIEN—AGENCY OF RETAIL DEALER.

2. A retail dealer who sells to a contractor building material that is used in a building is not an agent, contractor, subcontractor, architect, builder, or other person having charge of the construction of a building, within the meaning of Hill's Ann. Laws, § 3669, giving a mechanics' lien for materials furnished to such person; and a manufacturer or wholesaler who furnished such material to the retailer cannot enforce a lien therefor.

From Marion: REUBEN P. BOISE, Judge.

Suit by Fisher, Thorsen & Co. against S. Tomlinson and others to enforce an alleged mechanics' lien for materials sold to one Roberts, a retail dealer, who sold some of them to the contractor Tomlinson. There was a decree for defendants and plaintiffs appeal. There was a motion to dismiss the appeal which was overruled, and the case affirmed on the merits. The facts appear in the opinions which were written by Judge WOLVERTON, and Judge MOORE, respectively.

MOTION OVERRULED; AFFIRMED.

Decided 13 March, 1900.

On Motion to Dismiss Appeal.

*Messrs. W. T. Slater* and *Wm. M. Kaiser,* for the motion.

*Mr. Chas. J. Schnabel, contra.*

Mr. Chief Justice Wolverton delivered the opinion.

The respondents, except the Northwest Door Company, moved to dismiss the appeal herein, and they assign as a reason therefor that the transcript was not filed with the clerk of this court within thirty days from the date on which the appeal was perfected. A notice of appeal, directed to John Manning, E. P. Morcum, W. T. Slater, and W. M. Kaiser, attorneys for all the defendants, showing due acceptance of service thereof by John Manning, "one of attorneys for said defendants and respondents," on October 6, 1899, was, together with an undertaking on appeal, filed with the clerk of the court below October 7, 1899. Subsequently another notice was served, all of the defendants except the Northwest Door Company accepting service thereof November 7, 1899, by John Manning, their attorney, and the Northwest Door Company, by H. A. Cornell, its president. This notice, together with a new undertaking, was filed with the clerk November 9, 1899. No transcript was filed in this court until more than thirty days after the time for excepting to the sureties on the first undertaking. It is claimed that John Manning was never the attorney of record for the Northwest Door Company, and was without authority to accept service of the notice of appeal for said company, and, as a matter of fact, such acceptance was made through inadvertence, and it was for this reason the second notice was served. The question is presented, therefore, whether the appeal was perfected by the service and filing of the first notice and undertaking. If so, this appeal should be dismissed; otherwise, not: *Nestucca Wagon Road Co.* v. *Landingham,* 24 Or. 439 (33 Pac. 983). If the Northwest Door Company was a necessary party to the appeal (and

we must conclude that it was, being made a party defendant in the original suit, and no showing or contention having been made by the other respondents to the contrary), then the appeal was not perfected, for the very good reason that the other respondents would have had a right to its dismissal because the notice was not served upon the company, being an adverse party. Mr. Chief Justice KELLY said in *Holladay* v. *Elliott,* 7 Or. 483: "We hold that a party appellant may abandon an attempted appeal when he discovers that he has given an imperfect notice, or when it is inconvenient or impossible for the surety to justify in case of exception to his sufficiency." To the same effect, see, also, *Schmeer* v. *Schmeer,* 16 Or. 243 (17 Pac. 864). It is clear that plaintiffs filed an imperfect notice in the first instance. They had a right, therefore, to abandon the attempted appeal, serve another notice, and perfect their appeal through the latter instead of the former. The transcript having been filed within thirty days of the completion of the appeal upon the latter notice, the motion to dismiss will be denied.                              MOTION OVERRULED.

Decided 25 November, 1901.

ON THE MERITS.

For appellants there was a brief over the names of *Chas. J. Schnabel* and *Henry St. Rayner,* with an oral argument by *Mr. St. Rayner.*

For respondents there was a brief and an oral argument by *Messrs. John Manning, E. P. Morcom, Wm. M. Kaiser,* and *Woodson T. Slater.*

MR. JUSTICE MOORE delivered the opinion of the court.

This is a suit to foreclose an alleged mechanics' lien. It is stated in the complaint, in effect, that about December 17, 1898, the plaintiffs entered into a contract with the defendants S. Tomlinson, Charles P. Strain, and Nettie V. Strain, by and

40 OR.— 8.

through one W. T. Roberts, who for that purpose was acting as the agent and contractor of said defendants, whereby plaintiffs furnished them with certain window glass, putty, and paint, of the value of $198.21, to be used and which were used, in the construction of a two-story brick building situated upon lot 4 in block 1 in Woodburn, Oregon, which building they then owned; that they paid on account of said bill the sum of $18.33, and, to secure the remainder, plaintiffs, prior to the completion of said building, filed in the office of the county clerk of Marion County their claim of lien against said lot and building; that the Northwest Door Company, a corporation, has a mechanics' lien on said premises to secure the payment of the sum of $90.81; that Woodburn Lodge, No. 102, I. O. O. F., S. F. Hobard, Lila Dolan, Lola Dolan, Martin Dolan, Alfred Dolan, and B. D. Flint have or claim some interest in said premises, but, if any such they have, it is inferior to plaintiffs' lien. The answer denies the material allegations of the complaint, and avers that the defendant Tomlinson had full charge and control of the construction of the lower story of said building, and employed all the labor bestowed thereon, and furnished all the material used therein; that said Roberts was at the time stated in the complaint a retail dealer at Woodburn in paints, oils, doors, etc., from whom Tomlinson purchased goods, wares, and merchandise of the kind set forth in the complaint, and of the value of $307.04. which he used in the construction of the lower story of said building, and for which he fully paid Roberts at the time said goods were purchased, and prior to the filing of plaintiffs' claim of lien; that Roberts was not a contractor of said defendants, or any of them; that he never had charge or control of the work or construction of said building, or any part thereof, and was not at any time the agent of said defendants, or either of them, for the purpose of purchasing goods, wares, or merchandise, or material for said building, or for any part thereof. The reply having put in issue the allegations of new matter in the answer, a trial was had, resulting in a decree dismissing the suit, and plaintiffs appeal.

2.   The question presented for consideration is whether
Roberts sustained such relations to the defendants as would
bind them by his contract for material used in the construction
of the building.   The statute conferring the right to a lien, so
far as it is deemed applicable to the facts involved, is as fol-
lows:  ''Every   *   *   *  .person   *   *   *   furnishing ma-
terial of any kind to be used in the construction   *   *   *   of
any ·building   *   *   *   shall have a lien upon the same for
the   *   *   *   material furnished at the instance of the owner ·
of the building   *   *   *   or his agent; and every contractor,
subcontractor, architect, builder, or ˙other  person  having
charge of the construction  *   *   *   of any building  *  ᵇ *   *
shall be held to be the agent of the owner for the purposes of
this act'':  Hill's Ann. Laws, § 3669.   The testimony shows
that the defendant Tomlinson is the owner of an undivided
two thirds, and the defendants Charles P. and Nettie V. Strain
are the owners of the remaining interest, in the first story of
the brick building erected upon said lot, except a stairway
leading to the second floor, which is owned, together with the
upper story of said building, by the defendant Woodburn
Lodge, No. 102, I. O. O. F.   Tomlinson is a carpenter, and as
such had the exclusive charge of and controlled the mechanics
and laborers whom he employed to aid him in constructing the
lower story, and he also purchased all the material used therein,
for which he fully paid.   Prior to and at the time said build-
ing was being constructed, Roberts was a retail dealer at Wood-
burn, keeping for sale a stock of paints, oils, sash, doors, mold-
ing,.and other building material; and, having solicited Tom-
linson's patronage, a contract was entered into between them
whereby, in consideration of the sum of $300, he agreed to fur-
nish the necessary material to finish the front of the first story
of said building;   but, never having kept for sale any plate
glass, and not having in stock sufficient sheet glass to fill his
contract, he ordered from plaintiffs the material in question,
writing to them that, bids for the completion of the store front
having been opened, his was found to be the lowest, and that
the contract had been awarded to him to furnish the shop work

and glass. But Roberts being indebted to them for goods previously delivered, in the sum of $81.67, they declined to supply the material ordered until he paid such indebtedness, whereupon he secured from Tomlinson the sum of $100, which he sent to the plaintiffs, who, in the absence of any instructions as to its application, appropriated the same in discharging said prior debt; and, having shipped the material ordered, they credited the sum of $18.33 on account thereof. Roberts' time not being fully occupied in waiting on his customers, he was employed by Tomlinson, under whose direction he worked on said building during his spare hours, performing ten days' labor in glazing windows and in carpenter work, for which he received compensation based upon ten hours' work being equivalent to a day's labor.

The testimony fails to disclose that Roberts was an agent of or had authority from the defendants, or either of them, to order on their account the material supplied by the plaintiffs; and it conclusively appears that Roberts did not have charge of the construction of any part of said building, and that he was not a contractor, subcontractor, architect, or builder in respect to the owners of the building, or of any person in privity with them. His letters to plaintiffs to the effect that he had secured the contract to furnish all the shop work, sash, doors, glass, etc., do not intimate that he was to place in the building, as a part thereof, any of the material ordered. He was, therefore, as the evidence clearly shows, only a material man, and it is unimportant whether he manufactured the material, or secured it from others who did so, or who kept it in stock for sale. A rule recognizing a manufacturer as the only person entitled to be denominated a "material man" would necessarily defeat the lien of middlemen for material used in the construction of a building, notwithstanding such material may have been purchased from the manufacturer and paid for by the dealer. So, too, if a manufacturer could assert a lien because he had not been paid for material sold and delivered to a retail dealer, which the latter, upon being paid therefor, sold to the owner of a building, who attached it to his estate,

then the owner, when he buys any material to be used in the construction of a building, that the retail dealer does not manufacture, must become a surety for the latter,—a conclusion which would necessarily destroy all retail trade in building material. Roberts was a retail dealer in such material, and, having no charge of the construction of the building, he was not the statutory agent of the owners, and no lien in plaintiffs' favor for any material so ordered by him ever attached to their premises.

It follows that the decree is affirmed.    Affirmed.