## BASKIN *v.* MARION COUNTY.

(141 Pac. 1014.)

**Appeal and Error—Proceedings to Transfer Cause—Notice of Appeal.**
1. The right of appeal being statutory, so that the procedure therefor must be strictly followed, a proper notice of appeal is necessary to give the Supreme Court jurisdiction.

**Appeal and Error—Proceedings to Transfer Cause—Notice of Appeal —"Attorney."**
2. Under Article VII, Section 17, of the Constitution (before amendment), declaring that the prosecuting attorneys shall be the law officers of the state and of the counties within their respective districts, the prosecuting attorney is the "attorney" for a county within Section 550, L. O. L., providing that unless an appeal is taken in open court, the party desiring to appeal may cause a notice signed by himself or attorney to be served on the adverse party or his attorney, and a notice of appeal signed by private counsel for a county is insufficient to give the Supreme Court jurisdiction.

From Marion: WILLIAM GALLOWAY, Judge.

This is an action by O. R. Baskin against Marion County. From a judgment in favor of plaintiff, defendant appeals. Respondent's motion to dismiss the appeal was allowed April 28, 1914, without a written opinion. Appellant now files application for a rehearing.      DENIED.

*Mr. Walter C. Winslow,* for Appellant.

*Mr. Woodson T. Slater* and *Mr. Myron E. Pogue,* for Respondent.

In Banc.　Mr. Justice Burnett delivered the opinion of the court.

The appeal in this case was dismissed because the notice was not signed by the district attorney, who is the law officer of the county defendant.　The member of the bar who signed that document has presented a petition for rehearing, and complains strenuously because no opinion was filed.　We deemed an opinion unnecessary, as we supposed that, the court having acquired no jurisdiction by the abortive attempt to appeal, the district attorney would himself take an appeal relying upon such authorities as *Holladay* v. *Elliott,* 7 Or. 483, *Schmeer* v. *Schmeer,* 16 Or. 243 (17 Pac. 864), *Van Auken* v. *Dammeier,* 27 Or. 150 (40 Pac. 89), *Fisher* v. *Tomlinson,* 40 Or. 111 (60 Pac. 390, 66 Pac. 696), if he deemed it advisable to appeal at all.

1. A proper notice of appeal is necessary to give this court jurisdiction.　We cannot proceed without it. The right of appeal is statutory, and to be enjoyed, the procedure authorizing it must be strictly followed: *Portland* v. *Gaston,* 38 Or. 533 (63 Pac. 1051); *Sears* v. *Dunbar,* 50 Or. 36 (91 Pac. 145); *Portland* v. *Nottingham,* 58 Or. 1 (113 Pac. 28); *Macartney* v. *Shipherd,* 60 Or. 133 (Ann. Cas. 1913D, 1257, 117 Pac. 814).

2. Unless the appeal is taken in open court when the decision appealed from is rendered, it is provided, by Section 550, L. O. L., that:

"The party desiring to appeal may cause a notice, signed by himself or attorney, to be served on such adverse party or parties as have appeared in the action or suit, or upon his or their attorney," etc.

To ascertain the definition of "attorney" as used in this section, we must turn, not to some private contract which the county court possibly may have made with

the one who signed the notice of appeal in the present juncture, but rather to the law, which is paramount to any such agreement. That law is found in Article VII of Section 17 of the original state Constitution, wherein it is declared that:

"There shall be elected by districts comprised of one or more counties, a sufficient number of prosecuting attorneys, who shall be the law officers of the state, and of the counties within their respective districts. * * *"

The doctrine of that excerpt is in force at the present day, no change having been provided by law under the terms of the amended Article VII of the state Constitution. The case of *Taylor* v. *Umatilla County,* 6 Or. 394, upon which counsel assuming to act for the county in this case strongly relies, was decided under a statute which did not require the notice of appeal to be signed by the appellant or his attorney, and in that respect is distinguishable from the present procedure under Section 550, L. O. L., which affirmatively requires such a paper to be thus subscribed. The *dictum* in that case has never been followed since, except so far as to hold in *State ex rel.* v. *Hall,* 37 Or. 479 (63 Pac. 13), that assistance may be provided for a county officer in the discharge of his duties. The principle that a public officer cannot be ignored in matters involving the discharge of duties imposed upon him by law is discussed in *State* v. *Millis,* 61 Or. 245 (119 Pac. 763), and in *Gibson* v. *Kay,* 68 Or. 589 (137 Pac. 864). It has never been denied that in proper cases aid may be furnished for public officers. On the other hand, it has never been decided that they could be ignored or superseded in the interest of special counsel. If this were so, by a parity of reasoning, the county court could ignore the sheriff, the assessor, the treasurer, or any other officer of the county, although

the people themselves had chosen those public servants. So in the case at bar, the law defines who is the attorney for the county appellant, and, while he may be assisted, he cannot be superseded or disregarded. Under the statutory proceeding for an appeal this court does not acquire jurisdiction unless the statute is observed by the service of a notice of appeal signed by the official attorney for the appellant.

For these reasons the petition for rehearing is denied.

APPEAL DISMISSED. REHEARING DENIED.