**DUVAL RANCHING COMPANY; S & D Company; Kirk and Ramona Dahl; Sandra L. Sharp; and Sandra L. Sharp and Randall Sharp as trustees of the Leslie B. Sharp Testamentary Trust, Plaintiffs,**

v.

**Daniel R. GLICKMAN, Secretary of Agriculture; Jack Ward Thomas, Chief, United States Forest Service; R.M. "Jim" Nelson, Acting Forest Supervisor, Humboldt National Forest; D. Waive Stager, Acting District Ranger, Ruby Mountains Ranger District, Humboldt National Forest; United States Forest Service; and United States, Defendants.**

No. CV–N–95–38–ECR.

United States District Court,
D. Nevada.

May 31, 1996.

on matters not previously discussed in either his

Rule 26 report or his deposition.

Gary D. Woodbury, Elko, NV, for plaintiffs.

Shirley Smith, Asst. U.S. Atty., Reno, NV and Stephen G. Bartell, Environmental Defense Section, Environment & Natural Resources Div., U.S. Department of Justice, Washington, D.C., for defendants.

Counsel for Plaintiffs none appearing.

Counsel for Defendants none appearing.

MINUTES OF THE COURT

EDWARD C. REED, JR., District Judge.

*MINUTE ORDER IN CHAMBERS*

The plaintiffs have filed a motion seeking leave to substitute, as their new attorney, Gary Woodbury, the district attorney for Elko County, in place of their current attorneys, Mr. Marvel and Ms. Buxton.

■ That is not acceptable. To begin with, Mr. Woodbury made clear at oral argument this morning that, if the substitution is allowed, he will appear in his capacity as Elko County district attorney, and not as a private attorney. The question, then, is whether Mr. Woodbury, in his capacity as district attorney, can appear in this lawsuit on behalf of the remaining plaintiffs, who are all private parties.

■ A "district attorney's duties and powers are prescribed by the legislature and are statutorily defined in N.R.S. 252.110." *Lane v. Second Jud. Dist.,* 104 Nev. 427, 760 P.2d 1245, 1251 (1988). The statute prescribes certain specific duties, and provides that the district attorney shall also "[p]erform such other duties as may be required of him by law." N.R.S. § 252.110(6). But nothing in N.R.S. § 252.110 can be read as authorizing the district attorney of a county, in his capacity as district attorney, to appear on behalf of a private party in a civil suit, either generally or because the county has some sort of "general interest" in the litigation. The same may be said of deputy district attorneys, "who may transact all official business appertaining to the offices, *to the same extent as their principals.*" N.R.S. § 252.070(1) (emphasis added).

Reference was also made, at oral argument, to a state statute, N.R.S. § 244.165, which allows a board of county commissioners to employ an attorney in cases in which the county has an interest, even if the county is not a party to the lawsuit. *See Ellis v. Washoe County,* 7 Nev. 291 (1872). At oral argument, Mr. Woodbury suggested that the county has an "interest" in this case in two ways: first, though no longer a party, it has an obligation to its former co-plaintiffs, who are private parties unable to afford their own

lawyers, not to leave them in the lurch; and, second, that the county, though no longer a party, has a "practical" interest in the outcome of this case.

The county's moral obligation to its co-plaintiffs is not the same thing as a legal interest in the case. Moreover, the court decided, in a prior order, that Elko County has no standing in this case—it has no legal interest directly at stake. That it is "interested" in the outcome, in the sense that it is "concerned," is not sufficient.

Most important, however, is the simple fact that *Ellis* and N.R.S. § 244.165 allow the *county commissioners* to employ a lawyer, and that the lawyer is clearly contemplated as being a private attorney—i.e., someone other than the district attorney, who already represents the county. This points up two serious flaws in the County's argument. First, Mr. Woodbury seeks to appear in this case *in his capacity* as district attorney, not as a private attorney. Second, if he does appear in this case, Mr. Woodbury will be employed by the private plaintiffs, not by the county commissioners.

At oral argument, Mr. Woodbury made reference to two advisory opinions issued by the Nevada Attorney General, one on October 14, 1980, and another on June 8, 1995. We have examined them. Together, they indicate simply that the district attorney is the county's lawyer; that where he is ready, willing and able to perform his duties, the county may not retain, in his place and on a continuing basis, private counsel to perform those duties; that private counsel may be retained to assist the district attorney in particular cases requiring specialized expertise, though this should be done with the advice and consent of the district attorney; and that, once private counsel is retained to assist in a case, the district attorney, if ready, willing and able to do his job, may not be removed from the case by the board of county commissioners in favor of retained counsel.

Neither opinion is relevant to this case. We deal here not with a district attorney and a private lawyer, both of whom wish to represent the county in a particular case, but, rather, with a district attorney who wishes to appear, in his capacity as district attorney, on behalf of private parties in a case to which the county is not a party. As noted above, that is simply contrary to Nevada statutory law.

■ We might add, parenthetically, that N.R.S. § 245.0435, with exceptions not relevant here, bars a district attorney from engaging in the private practice of law. The "private practice of law" is defined, in this case, as the performance of legal services, for compensation, for any person other than the county. What that means is that Mr. Woodbury could not appear in this action, on behalf of the remaining private plaintiffs and for compensation, even if he sought to do so in his capacity as an individual attorney, rather than in his capacity as district attorney.

**IT IS THEREFORE HEREBY ORDERED** that the Duval Ranching Company's **request for leave for substitution of attorney (Doc. # 46)**, and the **supplement (Doc. # 47)** to said request, are **DENIED.**