## In the Matter of WILLIAM LANE O'NEILL.

An alien may not be admitted to practice as an attorney and counselor at law in this State.

The provision of the rule of the Court of Appeals (Rule 7, as amended in 1880), authorizing the admission of persons who have practiced three years in the highest courts of law of another country, applies only to the case of a citizen of the United States who has thus practiced.

*It seems* that the legislature has power under the Constitution to authorize the admission of persons not citizens of the State. (Art. 6, as amended in 1871.)

(Argued December 24, 1882; decided December 28, 1882.)

APPEAL from an order of the General Term of the Supreme Court in the second judicial department, made May 8, 1882. (Reported below 27 Hun, 599.)

William L. O'Neill, a British subject, had practiced as an attorney at law in England from 1875 to 1881. Upon proof of that fact and upon satisfactory evidence of his character and qualifications, and upon proof of age and of his having declared his intention to become a citizen, the Supreme Court of the second department on May 8, 1881, made an order admitting him to practice as an attorney and counselor at law in the courts of this State. O'Neill so practiced from that day until, upon the petition of one John B. Newman, after notice

to and hearing the said William L. O'Neill in his own behalf, the General Term made the order appealed from, which vacated its order admitting the said William L. O'Neill on the ground that the said court had no power or jurisdiction to grant the said order, and directed the clerk of the court to strike his name from the roll of attorneys and counselors.

*Samuel Hand* for appellant. The judiciary article passed in 1870 is a complete substitution for and amounts to an absolute repeal of article 6 of the Constitution of 1846, and the state of law before the passage of that article was revived, and aliens might, in the discretion of the court, be admitted as attorneys. (*Clark* v. *Norton*, 59 Barb. 169; *People* v. *Gardner*, 45 N. Y. 812; 2 Caines' T. R. 286; 22 N. .Y. 81.) Attorneys are not contemplated by and do not come within section 1 of 1 R. S. 116, providing that no one can hold a civil office who is not a citizen. (*Merritt* v. *Lambert*, 10 Paige, 356; *Ingersoll* v. *Howard*, 1 Heisk. [Tenn.] 247.)

*Henry Arden* for respondent. An attorney of the Supreme Court of this State is a public officer. (*Waters* v. *Whittemore*, 22 Barb. 594; *Wallace* v. *Loubat*, 2 Denio, 607.) No one who is not a citizen can hold a civil office. (1 R. S. 116, § 1; Graham's Practice, 33; Const. of 1846, art. 6, § 8.) The use of the words "any male citizen" excluded females and aliens. (Code of Civ. Proc., § 56.)

Tracy, J. By the Constitution of 1846 it was provided that " any male citizen of the age of twenty-one years, of good moral character, and who possesses the requisite qualifications of learning and ability, shall be entitled to practice in all the courts of this State." (Const. of 1846, art. 6, § 8.) This article of the Constitution of 1846 was superseded by the new article which took effect on the 1st of January, 1871. The admission of attorneys and counselors is now regulated by statute. We have no doubt of the power of the legislature to admit persons not citizens to practice as attorneys and counsel-

ors of the courts of this State. The question to be deter-
mined is whether, by the law of the State in force at the time
of the appellant's admission, citizenship was among the quali-
fications required to entitle a person to be admitted as an
attorney. By section 3, chapter 486, Laws of 1871, it is provided
that "every male citizen of the age of twenty-one years here-
after applying * * * shall be examined by the justices
of the Supreme Court or a committee appointed by said court
at a General Term thereof, and if such persons so applying
shall be found to have complied with such rules and regula-
tions as may be prescribed by the Court of Appeals, and shall
be approved by said justices of the Supreme Court for his
good character and learning, the court shall direct an order,"
etc. The rules adopted by the Court of Appeals in pursuance
of this statute provided that, "to entitle an applicant to an
examination as an attorney, he must prove to the court, among
other things, that he is a citizen of the United States, twenty-
one years of age, and a resident of the department within
which the application is made, and that he is a person of good
moral character." (Rule 2, 1871.) By rule 8 it was pro-
vided that "persons who have been admitted and have prac-
ticed three years as attorneys in the highest courts of law in
another State may be admitted without examination to practice
as attorneys, solicitors, and counselors in the courts of this
State, but such persons must have been residents of this State
before applying for admission." In 1877 the rules were so
amended that "persons who have been admitted as attorneys
in the highest courts of another State may be admitted to
examination as attorneys and counselors if they have served
a regular clerkship of one year in the office of a practicing
attorney of the Supreme Court of this State, and shall, in
other respects, be entitled to such examination." As an
applicant for examination is required to prove that he is a
citizen of the United States, this rule plainly requires that one
who seeks an examination on the ground that he has been
admitted as an attorney of another State must be a citizen of
the United States. In 1880, rule 8 of 1871 became rule 7,
and was amended by adding after the clause providing for

the admission of practitioners of three years standing, from other States, the following: "And the General Term of the Supreme Court may, in his discretion, so admit and license any person who has thus practiced in another country, but he must possess the other qualifications required by these rules, and must produce a letter," etc. It is under this clause, first inserted in 1880, that the appellant was admitted. It will be observed that the clause applicable to the admission of practitioners of three years standing from another State, as first adopted, required that such persons should have become residents of this State before applying for admission; but when the clause was added, allowing the General Term, in its discretion, to admit and license any person who has thus practiced in another country, the clause requiring a person to have become a resident before making the application was dropped, and in its stead was inserted the requirement that he must possess the other qualifications required by these rules. The amendment, providing for the admission of persons who have practiced for three years in another country, was made to meet the case of a citizen of the United States who had thus practiced in another country. But to guard against conferring the right of admitting persons not citizens of the United States, under the general language of this amendment, the other change was made in the rule by which the applicant, whether he be a practitioner from another State or from another country, is required to possess the other qualifications required by these rules. There can be no doubt that citizenship is among "the other qualifications" required of those who apply for an examination to be admitted as attorneys, and it follows that one who seeks admission upon the ground that he has practiced for three years in the courts of another country must show that he is a citizen of this country at the time of making his application.

The appellant, not being a citizen, was not entitled to admission, and the action of the General Term, in revoking his license, was proper and should be affirmed, without costs.

All concur, except RAPALLO, J., absent.

Judgment affirmed.