[In Bank. — May 17, 1890.]

## In re HONG YEN CHANG.

Admission of Attorneys — Citizenship — Naturalization — Mongolian Nativity — Void Judgment — License of Another State. — A person of Mongolian nativity is not entitled to naturalization under the laws of the United States, and a certificate showing the naturalization of such person by the judgment of any court is void, and cannot entitle him to admission to practice as an attorney in this state; nor will his license to practice in all the courts of the state of New York, issued by the supreme court of that state, avail such applicant, since only those who are citizens of the United States, or who, being eligible to become citizens, have declared their intention to become such, are entitled to be admitted in the supreme court of this state on presentation of license to practice in the highest court of a sister state.

Motion to the Supreme Court to admit Hong Yen Chang to practice as an attorney and counselor. The facts are stated in the opinion of the court.

*William H. Chickering,* for the motion.

Fox, J.—Motion made in due form for the admission of Hong Yen Chang to practice as an attorney and counselor of this court, and his moral character duly vouched for. Upon the motion there is exhibited to us a license admitting him to practice as an attorney and counselor at law in all the courts of the state of New York, issued by the supreme court of that state, at a general term held at the city of Poughkeepsie, May 17, 1888; also, a certificate of naturalization, issued by the court of common pleas of the city of New York, November 11, 1887.

Title 30 of the Revised Statutes of the United States provides for the naturalization of aliens. The first section of that title (section 2165) reads: "An alien may be admitted to become a citizen of the United States," etc., and that and subsequent sections provide how, and the conditions of such admission. As the statute originally stood there was no express language to indicate a limitation upon the class of aliens who might be so admitted; but by "an act to correct errors and supply omissions in the Revised Statutes of the United States," passed February 18, 1875, this provision was amended so as to limit the right of naturalization to "aliens, being free white persons, and to aliens of African nativity, and to persons of African descent."

Under this statute it was held by the federal courts that persons of the Mongolian race are not entitled to be admitted as citizens of the United States. (*In re Ah Yup,* 5 Saw. 155; *In re Look Tin Sing,* 21 Fed. Rep. 905.) We have no doubt about the correctness of this ruling. Then, by section 24 of the act of May 18, 1882 (U. S. Stats. 1882, p. 61), courts are expressly forbidden to issue certificates of naturalization to any native of China.

Under the constitution of the United States, Congress

alone has the power to determine who shall and who shall not be entitled to the privileges of the naturalization laws.

We are, therefore, of opinion that the certificate of naturalization presented in this case was issued without authority of law, and is void, it being conceded that the holder of it is a person of Mongolian nativity.

Only those who are citizens of the United States, or who have *bona fide* declared their intention to become such in the manner provided by law (and we hold that this requires that they shall be persons eligible to become such, as well as to have declared their intention), are entitled to be admitted to practice as attorneys and counselors of this court, on presentation of license to practice in the highest court of a sister state. (Code Civ. Proc., sec. 279.) Holding, as we do, that the applicant is not a citizen of the United States, and is not eligible under the law to become such, the motion must be denied.

So ordered.

McFarland, J., Beatty, C. J., and Sharpstein, J., concurred.