### In re Admission to the Bar.

FILED DECEMBER 18, 1900.

1. **License to Practice:** ACT OF 1895: POWER OF SUPREME COURT: DISTRICT COURTS. Since the passage of the act of 1895 (ch. 6) the power to license to practice in the courts of Nebraska has been taken from the district courts and lodged exclusively in the supreme court.

2. **Admission to Practice:** CITIZENSHIP. No one but a citizen of the United States and a resident of the state of Nebraska can be admitted to practice generally in the courts of said state.

3. **Foreign Attorneys:** STATE COMITY: DISCRETION OF COURTS. A practicing attorney, in good standing in the courts of record of a sister state, a territory or a foreign country, having an interest in a cause pending in any of the courts of this state, may, in the discretion of such courts, and as a matter of courtesy, be permitted to appear in said court for some of the purposes of such cause.

4. **Application for Admission:** STATUTE: MINORS. To entitle a person to apply for admission to the bar of this court under the provisions of section 2, chapter 7, of the Compiled Statutes, he must, at the time of making his application, have attained to the age of twenty-one years.

5. **Statute:** ADMISSION: QUALIFICATIONS: TWO YEARS' STUDY: GRADUATION: FOREIGN COLLEGE. Under the provisions of said section 2, attentive study of the law in the office of a practicing attorney for the full period of two years, or regular graduation from the College of Law of the University of Nebraska, is absolutely required; and study in any other law school, or otherwise than in such office, will not be considered.

6. **Practicing Attorney:** MEANING OF TERM. The "practicing attorney," in whose office the statute requires the studies of the applicant to be duly pursued, is one who resides and practices in this state.

PER CURIAM.

Upon the report of the commission appointed at the present term pursuant to the requirements of a rule of this court, to pass upon and report the qualifications of

applicants for admission as attorneys and counselors, some questions have arisen which it is necessary for us now to determine.

1. In 1895 the legislature passed an act (ch. 6) to regulate the admission of attorneys at law. Prior thereto they had been licensed to practice in the several courts of this state upon such investigation into the character and qualifications of the applicants as each court deemed proper to prescribe. The act above referred to did not in express terms repeal sections 3 and 9 of chapter 7 of the Compiled Statutes, entitled "Attorneys," and it appears that some of the district courts are still assuming the power to admit to practice generally persons who present certificates of admission from the courts of other states and of territories; and that thereafter such persons apply to this court for admission on a motion made as a matter of course. Such action upon the part of a district court is wholly without authority of law, and such admissions, together with any action taken in reliance thereon, are wholly void. The plain intention of the legislative power, and the necessary effect of the act above referred to, was to vest the power to admit persons to practice as attorneys and counselors of the courts of this state, solely in the supreme court. The act is complete in itself and results in repealing sections 3 and 9 above referred to.

2. A necessary qualification for admission to practice generally is that the applicant must be a citizen of the United States and a resident of this state. An alien can not well take the oath required of attorneys and counselors by section 4 of said chapter 7. Furthermore, such persons and practicing attorneys who reside in other states or any of the territories are, as a rule, out of the jurisdiction of the courts of this state, and beyond the reach of its process in case their professional action is called in question and the disciplinary power of the court is invoked against them.

3. Such alien or non-resident attorney may, however,

as a matter of comity, be permitted, by any court of record in which there is pending any cause in which he may be interested, to appear for some of the purposes of said cause, upon being fully satisfied as to his professional character and standing at the bar of the place of his residence. Of course, it is not permitted to such an attorney to commence actions or sign pleadings or papers on behalf of any litigant. Such powers are expressly reserved to the duly admitted attorneys and counselors of the state.

4. Application has been made by minors for present examination with a view to admission when they shall have attained the age of majority. Such is not the spirit and intent of the statute. The age of majority, with the attendant right of controlling one's own actions free of the claim of the parent or guardian, are necessary to admission to the bar of this court; and it is contemplated that the report shall follow on the examination, and show that at that time the applicant had all the qualifications prescribed by the act of the legislature. Any other course would require a subsequent report, showing that at the time thereof the applicant had not only the requisite age, but also continued to sustain the moral character required by the statute.

5. Persons have applied for examination on the strength of a course of study in schools of law other than the College of Law of the University of Nebraska. In the opinion of the commission, the only exception made to the requirement of the statute for two years' study in the office of a practicing attorney is in the case of regular graduates of our own state institution. In this view the court fully concurs. Admission to the practice is a privilege and not a right, and the power which grants the privilege can annex the terms and conditions on which the same may be exercised. The provisions of the statute are plain as to the terms on which examination can be had, and study, otherwise than therein provided, can not avail the applicant.

6. The provision of said section 2, as to the study of the law "in the office of a practicing attorney," also requires construction. The language of the statute does not expressly require that such attorney shall be one residing and practicing in this state. But such was doubtless the intention of the legislative power. The reasons for such a construction seem plain. Such an attorney is an officer of this court, whose standing and character is, or easily may be, known to the court. He owes to this court a duty which is not obligatory upon the attorneys of another state. Our rules require a certificate of such attorney, as the preceptor of the applicant, as to compliance with an express requirement of the statute. Such certificate can properly come only from one of the court's own officers; and be made under the sanction of the oath which such officer is required by law to make. These considerations, aside from any as to the propriety of a student coming from the state of his study, instead of seeking original admission therein, seem to us to control the matter.

The object of the statute was evidently to secure a higher standard of legal attainments, and a full knowledge of the moral character of those who seek to exercise the powers of a great profession. With that object the court is, of course, in full sympathy; and it can be attained only by placing on its provisions a reasonably strict construction.