## In re Eugene Burton.

Filed June 8, 1906. No. 943.

Attorneys: Admission to Practice. Section 9, ch. 3, Rev. St. 1866, was not repealed as a whole by ch. 6, laws 1895, but the power of the district court to admit attorneys of other states to practice in this state was taken away by that act. *In re Admission to the Bar*, 61 Neb. 58, distinguished.

Application of Eugene Burton for admission to the bar. *Motion for admission sustained.*

Sedgwick, C. J.

On the application of Eugene Burton for admission to the bar, the bar commission reported specially asking the opinion of the court upon a question of law. Section 9, ch. 3, Rev. St. 1866, provided for the admission to the bar of practicing attorneys of other states. This court said that this section, which was also section 9, ch. 7, Comp. St. 1893, was repealed by chapter 6, laws 1895. *In re Admission to the Bar*, 61 Neb. 58. Of course, if this section was repealed it could not afterwards be amended, but in 1903 the legislature attempted to amend it, and enacted that it should thereafter read as follows: "Any person producing a license, or other satisfactory voucher, proving either that he has been regularly admitted an attorney at law in the courts of record of any state where the requirements for admission when he was admitted were equal to those prescribed in this state, or so proving that he has practiced law five full years in courts of record under license in any state, and proving also that he is a person of good moral character, may be admitted by the supreme court to the bar in this state without examination." Laws 1903, ch. 5, sec. 3. The question then is whether the original section was repealed by the act of 1895. The point decided in the opinion above referred to was that the provision of the original section that attorneys might be

admitted by the district court was necessarily repealed by implication, and not that the whole section was repealed. It was recited in the opinion that "it appears that some of the district courts are still assuming the power to admit to practice generally persons who present certificates of admission from the courts of other states and of territories," and it was determined that the district courts have no such power since the enactment of the law of 1895. That law expressly gives the sole power of admission to the supreme court, and thereby so far repeals section 9 of the former act as to take away the jurisdiction of the district court in such matters. The expression in the opinion, "The act is complete in itself and results in repealing sections 3 and 9 above referred to," was perhaps unfortunate. If it repeals sections 3 and 9 it must repeal the whole chapter, which at that time embraced 14 sections containing many important provisions not included in the act of 1895. There was nothing then to prevent the legislature from amending section 9 as it did in the act of 1903, and the section, as so amended, is valid.

The motion for admission is therefore

SUSTAINED.