## IN RE LEONARD B. ROBINSON.

### FILED JULY 17, 1908. No. 1,075.

Attorneys: ADMISSION TO PRACTICE. "No one but a citizen of the United States and a resident of the state of Nebraska can be admitted to practice generally in the courts of said state." *In re Admission to the Bar*, 61 Neb. 58.

APPLICATION of Leonard B. Robinson for admission to the bar. *Motion for admission denied.*

*W. E. Gantt,* for appellant.

*W. L. Anderson* and *H. P. Leavitt, contra.*

REESE, J.

Leonard B. Robinson, Esq., is a resident and citizen of the state of Iowa, having his home and office at Sioux City, in that state. He is a reputable member of the bar thereof. The city of his residence being adjoining the line between the two states, his acquaintance and reputation as a lawyer extends into this state, and his professional business in this state has grown until it is quite inconvenient for him to be admitted to practice in our courts at each time and place when and where his profession calls him. He has, therefore, applied for admission generally as an attorney of this court with authority to practice in all the courts of the state. Under the rules of the court, his application was made through the bar commission, and upon an investigation thereof the commission has reported that, under the law of this state, the applicant is not entitled to admission. It is conceded that, if a nonresident of the state can be admitted at all, Mr. Robinson is entitled to the favor asked, as he is a gentleman and lawyer against whom no personal objection exists. Briefs have been furnished by the commission and by W. E. Gantt, who represents the applicant, and the whole ques-

tion of the relation of the members of the bar to the state and to its courts have been thoroughly presented. *In re Admission to the Bar*, 61 Neb. 58, the question was fully considered, and we held: "A necessary qualification for admission to practice generally is that the applicant must be a citizen of the United States and a resident of this state. An alien cannot well take the oath required of attorneys and counselors by section 4 of said chapter 7 (Comp. St. 1899). Furthermore, such persons and practicing attorneys who reside in other states or any of the territories are, as a rule, out of the jurisdiction of the courts of this state, and beyond the reach of its process in case their professional action is called in question and the disciplinary power of the court is invoked against them. Such alien or nonresident attorney may, however, as a matter of comity, be permitted, by any court of record in which there is pending any cause in which he may be interested, to appear for some of the purposes of said cause, upon being fully satisfied as to his professional character and standing at the bar of the place of his residence. Of course, it is not permitted to such an attorney to commence actions or sign pleadings or papers on behalf of any litigant. Such powers are expressly reserved to the duly admitted attorneys and counselors of the state."

This must be held to have been the law of this state upon the subject before the amendment of 1903, by which the words "for the purpose of said business only" were incorporated into section 3602, Ann. St. 1903. The section, as amended, is as follows: "Any practicing attorney in the courts of record of another state or territory, having professional business in either the supreme or district courts, may, on motion, be admitted to practice (for the purpose of said business only), in either of said courts, upon taking the oath as aforesaid." This section must be held to be a prohibition of the admission of nonresident attorneys to general practice. They may be admitted "for the purpose of said business *only*," which is the transaction of such professional business as they may have in the

courts of the state. For this purpose, either the supreme or district court has authority to administer the required oath. Aside from the provisions of our statute and the decisions of this court, we are of the opinion that the reasoning of the supreme court of Wisconsin in *In re Mosness,* 39 Wis. 509, is correct, and the proper rule is recognized.

For the reason only that the gentleman whose admission is moved is not a resident of this state, the motion must be denied. This, however, does not deprive him from appearing in the courts of this state under the provisions of the statute above quoted.

Motion for admission to the bar generally

DENIED.