## 1637.    FALLON *v.* THE STATE.

No attorney (except by special order otherwise providing) can legally ap-
pear as counsel upon the argument of a case in this court, unless he
has been admitted to the bar of this court.    The rule applies to solici-
tors-general and to city-court solicitors, as well as to other attorneys.

DECIDED NOVEMBER 29, 1910.

Motion to tax fee as costs.

*W. C. Hartridge, solicitor-general,* for movant.

PER CURIAM.    At the October term, 1908, of this court, the case
of *Fallon* v. *State,* a felony from the superior court of Chatham
county, was filed, docketed, heard, and decided.    At the time the
bill of exceptions was signed (December 28, 1908), Mr. W. W.
Osborne was solicitor-general of the Eastern judicial circuit, in
which is Chatham county.    His term expired with the year
1908.    He was succeeded by Mr. Walter C. Hartridge, who, how-

ever, was disqualified from representing the case in this court as solicitor-general, as he had previously been of counsel for the defendant. It is shown that Messrs. Anton P. Wright and John Rourke Jr. appeared for the State in the court below, Mr. Rourke acting as solicitor-general. The case was not orally argued in this court, but Messrs. Wright and Rourke, with the consent of Mr. Hartridge, continued the prosecution of the case and filed briefs on behalf of the State. Neither Mr. Wright nor Mr. Rourke was a member of the bar of this court at the time. Mr. Hartridge now presents a written motion asking that the fee allowed by law to solicitors-general for the representation of cases in this court be allowed to Mr. Rourke, the acting solicitor-general, and that the same be taxed as costs in the case.

The rules adopted at the organization of this court provide for the admission of attorneys; and it was also provided therein that "prior to the first day of March term, 1907, any licensed attorney of the Supreme Court of this State may, without being admitted to the bar of the Court of Appeals, appear by brief as counsel in this court. After the opening of the March term, 1907, no such indulgence will be allowed." It is necessary to the proper conduct of a court's business that it should have direct control over the attorneys practicing at its bar. The usual method by which courts get this control over those who would otherwise be private individuals is to require such attorneys as desire to practice in the court to submit themselves to the authority of the court by becoming members of its bar, taking the oath, and subscribing the roll, thereby indicating the submission of themselves to the jurisdiction of the court. The reason of the rule applies with equal strength to attorneys appearing in behalf of the State as to other attorneys. In the present case the attorneys who attempted to appear in behalf of the State were not then members of the bar of this court, and the briefs filed by them could not be received by the court as briefs of counsel, and could be considered only for purposes of information. We do not think that the law intends that the State should pay for informal appearances of this character. We therefore consider it our duty to refuse the application to tax the usual fee as costs in this case.