## NORTH LARAMIE LAND CO. v. HOFFMAN.

(No. 967; Decided Oct. 6, 1919; 184 Pac. 226.)

ATTORNEY AND CLIENT—NONRESIDENT ATTORNEYS ARE UNAUTHORIZED TO SIGN PETITIONS IN ERROR—APPEAL AND ERROR MOTION TO DISMISS COURTS—JURISDICTION OF SUBJECT MATTER NOT ACQUIRED BY AGREEMENT—PETITION AND ERROR WILL BE DISMISSED WHEN VOID.

1. Nonresident attorneys may, under Comp. Stat. 1910, Sec. 966, be admitted *ex gratia* for purposes of a pending case in which they have been employed, but not as members of the Bar of the State, and the section does not authorize a nonresident attorney to sign a petition in error.

2. A motion for extension of time to file briefs, made subject to a ruling on a motion to dismiss, filed the same day, did not waive the right to move for a dismissal.

3. Jurisdiction of the subject matter of an action cannot be conferred by agreement.

4. A petition in error signed by nonresident attorneys only, is a nullity, and will be dismissed upon motion.

ERROR to the District Court, Platte County; HON. WILLIAM C. MENTZER, Judge.

Heard on motion to dismiss.  No briefs.

*Pam & Hurd* and *William A. Riner,* for plaintiff in error.

*Kinkead & Henderson,* for defendants in error.

BEARD, CHIEF JUSTICE.

In this case a motion by the defendants in error to dismiss the proceedings in error has been filed and submitted.  The ground for the motion is stated in a number of separate paragraphs, but all go to the single question of the sufficiency of the petition in error to constitute the commencement of proceedings in error, or to give the court jurisdiction of the subject matter of the action.  It appears from the petition on file, and it is admitted, that said petition is subscribed "Pam & Hurd, Attorneys for plaintiff in error," and by no other person or party.  It is also admitted that said Pam & Hurd are not members of the bar of this state, or licensed to practice in this court, but are members of the bar of the State of Illinois, and reside in the City of Chicago, in said state; that no permission has been requested by them, or either of them, to appear as attorneys in this court, nor has such permission been granted to them or either of them, at any time, nor have they, or either of them, been admitted by this court as attorneys for the purposes of this case.  The statutes of this state regulating proceedings in error, provide: Section 5111, Comp. Stat. 1910, "The proceedings to obtain such reversal, vacation, or modification, shall be by petition in error, filed in the court having power to make the reversal, vacation or modification, and setting forth the errors complained of"; etc.  The statutes governing pleadings in courts of record provide: "The pleadings are the written statements by the parties of the facts constituting their respective claims and defences" (Section 4377, id.).  "Every pleading and motion must be subscribed by the party or his attorney."  *    *    *

(Section 4422, id.). The statutes prescribing the qualification of applicants for admission to practice as attorneys at law, provide: "No one shall be admitted who shall not be a citizen of the United States, a bona fide resident of this state, at least twenty-one years of age, and a person of good moral character" (Section 959, id.). And by section 966, id., it is provided: "Members of the bar of any other state, district or territory of the United States, who may be employed as counsel in any case pending before any of the courts of this state, may be admitted for all the purposes of the case in which they are so employed, by the court before which said case is pending, without examination."

The attorney of the party to an action who is authorized to subscribe pleadings is an attorney who has the right to practice in the court wherein the case is pending; and it has been uniformly held, so far as we have been able to find, that a non-resident attorney has no such right except as provided by statute or rule of court. In Richardson agt. Brooklyn City and Newton R. R. Co., 22 How. Pr. 368, it was held that "An attorney at law, who is a non-resident of this state, has no authority or right to, and cannot, practice in the courts of this state." (We quote from the syllabus.) And in Newburger et al. agt. Campbell, 58 How. Pr. 313, it was held that where a judge knowingly permitted to practice in his court one not regularly admitted to practice, his judgment, rendered in a cause so conducted in violation of law, is void and will be reversed.' See also Kaplan v. Berman, 37 Misc. 502, 75 N. Y. Supp. 1002. In Ellis v. Bingham County, 7 Idaho 86, 60 Pac. 79, it is said: "A brief has been filed on behalf of the respondent, signed by persons who are not members of the bar of this court. We cannot receive or recognize such briefs, and said brief is ordered stricken from the files. The action of the parties who filed such brief in violation of the statutes and rules of this court, and such practice cannot be tolerated." In Anderson v. Coolin, 27 Idaho, 334, 149 Pac. 286, a motion to strike from all the papers and files originally filed in the supreme court, the name of a non-resident attorney who had signed the same,

but who had not been admitted to practice or appear in the case, was sustained. The court said: "We do not wish to be understood as holding that the district courts, as well as this court, have not the inherent power, as a matter of comity, to permit an attorney from a sister state or territory to present argument in any pending case, but even this prerogative should not be abused, and where attorneys from sister states or territories have business which requires their intermittent appearance in the courts of this state, it is quite proper that they should comply with the provisions of the laws of this state regulating the right to engage in the practice of their profession within this jurisdiction." It is to be observed that the statutes of Idaho upon which that case was decided required all pleadings filed in the district courts or the supreme court to be signed by a resident attorney of Idaho. But as we hold that the attorney of the party who is authorized by the statutes of this state to subscribe pleadings is an attorney who, at the time the pleading is filed, is authorized to practice in the court wherein the pleading is filed (of which we will speak later) the decision last above cited is applicable to the case at bar.

A statute of Wisconsin provided that attorneys of other states which granted to Wisconsin attorneys like privileges should be admitted to practice in the courts of Wisconsin. The Supreme Court of that state held in The Matter of the Motion to Admit Ole Mosness, Esq., a non-resident attorney, to the Bar of that Court, 39 Wis. 509, that he could not be admitted and licensed as a member of the bar of that state; but that the practice of the courts of record in the several states to admit members of the bar in other states to appear as counsel on the trial or argument of causes *ex gratia*, for the occasion, was what was intended by the statute, saying: "It would be an anomaly, dangerous to the safe administration of justice, that the office should be filled by persons residing beyond the jurisdiction of the court, and practically not subject to its authority. We take it, that members of the bar of this state lose their right to practice here by removing from the state. After they become non-residents,

they can appear in courts of this state *ex gratia* only. Our courts cannot have a non-resident bar." The court further said, "that it is difficult to believe that Ch. 50 of 1855 was intended to do more than to authorize the appearance here, as counsel in the trial and argument of causes, of gentlemen of the bar of other states. If intended to do that, it was probably unnecessary. If intended to do more, it was clearly without the power of the legislature." For the reason that the gentleman whose admission was moved was not a resident of the state, the motion was denied. To the same effect see In re. Admission to the Bar, 61 Neb. 58, 84 N. W. 611, and In re. Robinson, 82 Neb. 172, 117 N. W. 352, 17 Ann. Cas. 878. The statutes of this state are in harmony with those decisions, and permit and provide for the admission of non-resident attorneys, not as members of the bar of this state, but *ex gratia,* for the occasion.

In Youmans v. Hanna, 35 N. D. 479, 160 N. W. 705, 161 N. W. 797, Ann. Cas. 1917E, 263, it is stated that non-resident attorneys were not entitled to practice in the courts of that state at all, except by courtesy and permission. A brief presented by a member of the bar of New Jersey who has not been licensed to practice as a counselor-at-law will not be received. (Duysters v. Crawford, 69 N. J. Law 229, 54 Atl. 823.) See also Fallon v. State, 8 Ga. App. 476, 69 S. E. 592. And Robb v. Smith, 3 Scamon (Ill.) 46. In the present case, Pam & Hurd being non-resident attorneys and not even having requested or been granted permission to appear in this court, and not having been admitted in this court for any purpose in the cause, no act of theirs as such attorneys can or will be recognized by the court. The petition in error not being subscribed by any one authorized to do so is not such a petition as will invoke the jurisdiction of the court, is a nullity, and should be stricken from the files. Indeed the statute does not empower the court to admit non-resident attorneys for the purpose of bringing an action, but only to admit them in a *pending* action. And as proceedings in error are required to be commenced by the filing of a petition in error, it is clear that the proceedings are not *pending* until

such petition is filed, so as to permit the admission of a nonresident attorney for the purposes of the case (and that is the full extent to which he can be admitted). In other words, no permission can be given by the court to a nonresident attorney to institute the proceeding.

It is argued that inasmuch as counsel for defendants in error filed a motion for an extension of time within which to file and serve a brief in the case that they waived their right to move for a dismissal of the proceedings in error. The motion for an extension of time to file brief was filed the same day as the motion to dismiss, and was made expressly subject to the ruling on the latter motion. Even if that had not been done it is well settled that jurisdiction of the subject matter of an action cannot be conferred by agreement, or waiver. There being no sufficient petition in error filed in the case, there is nothing requiring or authorizing the court to consider or determine the alleged errors of the trial court. The motion of defendants in error to dismiss the proceedings in error will have to be granted and the proceedings in error dismissed; and it is so ordered.          *Dismissed.*

POTTER, J., and BLYDENBURGH, J., concur.