[L. A. No. 12019. In Bank.—December 30, 1929.]

NORMAN C. HOWDEN, Petitioner, v. THE STATE BAR
OF CALIFORNIA, Respondent.

John R. Girling for Petitioner.

Delger Trowbridge for Respondent.

PRESTON, J.—Special counsel appearing for petitioner
moves this court for his admission to practice as an attor-
ney and counselor at law in the courts of this state. In
support of his motion he presents the following facts:

Petitioner, over the age of twenty-one years, of good
moral character, a resident of the state, has diligently and
in good faith studied law for at least three years upon such
subjects and under such conditions as the law and the rules
of this court prescribe and lastly, has made a *bona fide*
declaration of his intention to become a citizen of the
United States in the manner required by law.

The sole opposition to this motion is based upon a conten-
tion that under the law, as now written, full citizenship is a
prerequisite to admission to the bar. The issue is presented
here because of the desire of the incorporated State Bar
and the Committee of Bar Examiners thereunder, to get

from this court the measure of their power and duty respecting a new contingency.

The thought is that since the amendment to section 24 of the State Bar Act, enacted in 1929 (Stats. 1929, chap. 884, pp. 1965, 1966), sections 275 and 276 of the Code of Civil Procedure have been thereby repealed, in view of which situation, the court, having in mind the provisions of said amendment and the preservation of our institutions, should hold that citizenship must be possessed by the applicant before he may receive a license to practice law. In so far as here involved, said amendment reads as follows:

"With the approval of the Supreme Court, and subject to the provisions of this act, the board shall have power to constitute and appoint a committee of not more than seven members with power to examine applicants and recommend to the Supreme Court for admission to practice law those who fulfill the requirements. Any person over the age of twenty-one years may apply to the board for admission to practice law upon presentation of satisfactory testimonials of his good moral character together with satisfactory proof that for at least three years he has diligently and in good faith studied law. . . . "

It requires but the contemplation of the above provisions of said section 24, as amended, to show that we cannot by any stretch of the imagination hold it to restrict the meaning of sections 275 and 276 of the Code of Civil Procedure. If it is to be given any interpretation out of harmony with said sections, it would be an interpretation which would enlarge upon and not restrict their provisions. Whether it does so enlarge upon said provisions of said sections is not here involved and need not here be considered. An applicant for admission who has declared his *bona fide* intention to become a citizen of the United States and is a resident of this state may with perfect propriety take the oath of office prescribed by the statute. Consequently, the motion of petitioner must prevail.

It is, therefore, ordered that petitioner, Norman C. Howden, be and he is hereby admitted to practice as an attorney and counselor at law, authorized to practice in all the courts of this state, and the clerk will deliver him a certifi-

cate of such authority upon his taking the prescribed oath and signing the roll of attorneys.

Waste, C. J., Richards, J., Seawell, J., Langdon, J., and Shenk, J., concurred.