[L. A. No. 14033. In Bank.—June 19, 1933.]

WILLIAM EDWARD AGG LARGE, Petitioner, v. THE
STATE BAR OF CALIFORNIA, Respondent.

G. Harold Janeway and S. T. Hankey for Petitioner.

Philbrick McCoy for Respondent.

WASTE, C. J.—Petitioner, a practicing solicitor in England, desires to come to the United States in the British quota, establish his residence in this state, file a declaration of intention to become a citizen, and practice law here. The board of bar examiners of The State Bar, in response to petitioner's inquiry, have duly notified him that under section 24 of the State Bar Act, as amended (Stats. 1931, p. 1761), he cannot be admitted to practice here unless and until he is a citizen. He was further informed that by the time he becomes a citizen, a transposition consuming approximately five years, he will not be in a position to show continuous practice of the law for a period of four years

of the six years immediately preceding the filing of his application, as required by Rule VI governing admissions to practice and relating more particularly to admissions on motion.

In this review proceeding petitioner challenges the constitutionality of the citizenship requirement, contending that it is discriminatory and therefore violative of the fourteenth amendment of the federal Constitution. We find no merit in the contention. The power of the legislature to impose reasonable restrictions upon the practice of the law, including the manner, terms and conditions of admission to practice, has long been recognized in this state. (*Brydonjack* v. *The State Bar*, 208 Cal. 439, 443 [281 Pac. 1018, 66 A. L. R. 1507].) We entertain no doubt as to the propriety or reasonableness of the citizenship requirement found in section 24 of the State Bar Act. In our opinion it constitutes a proper exercise of the police power. The reason underlying such a requirement is obvious. In *Ex parte Thompson*, 10 N. C. 355, 363, it is couched in the following language: "There is no profession relative to which the public good more imperiously requires that its members should duly appreciate and honestly maintain the freedom, the purity, and the genuine spirit of our political institutions. These are so blended and interwoven with the civil rights of the citizen, they present themselves in such an infinity of relations as additional abutments to the several charters of property and personal security, that it is difficult to conceive how a professional advocate, owing foreign allegiance and cherishing alien prejudices, can usefully vindicate principles in the abhorrence of which he may have been nurtured; how, on many important occasions, the most brilliant forensic talents can be successfully exerted, unless they are sustained and inspired by an ardent patriotism. The excellence of every human system of laws consists as much in their administration and practice as in the theory itself." In this connection see, also, *In re Admission to the Bar*, 61 Neb. 58 [84 N. W. 611, 612].

In 2 Ruling Case Law, 943, it is stated that "it seems to be an invariable requirement in the various states relative to the admission of attorneys, that the applicant . . . shall be a citizen of the United States, or eligible to naturalization". Prior to the 1931 amendment of section 24, *supra,*

it was sufficient if the applicant for admission to practice had declared *bona fide,* his intention to become a citizen. (*Howden* v. *The State Bar,* 208 Cal. 604 [283 Pac. 820].) However, under the amendment, nothing short of citizenship will suffice.

The cases on this general subject are collected in 39 A. L. R. 346, 349, wherein the following appears: ''That discrimination against aliens in legislation relating to the granting of a license to practice law is not contrary to the federal or state Constitutions, although this precise question has apparently never been directly passed upon, finds support in the following cases: *In re Hong Yen Chang,* (1890) 84 Cal. 163 [24 Pac. 156]; *Templar* v. *State Examiners,* (1902) 131 Mich. 254 [100 Am. St. Rep. 610, 90 N. W. 1058]; *Wright* v. *May,* (1914) 127 Minn. 150 [L. R. A. 1915B, 151, 149 N. W. 9]; *In re Admission to Bar,* (1900) 61 Neb. 58 [84 N. W. 611]; *In re O'Neill,* (1882) 90 N. Y. 584, affirming (1882) 27 Hun, 599; *Ex parte Thompson,* (1824) 10 N. C. (3 Hawks) 355; *In re Yamashita,* (1902) 30 Wash. 234 [59 L. R. A. 671, 94 Am. St. Rep. 860, 70 Pac. 482]. The right to exclude aliens from the practice of law was based in these cases, not only upon the ground that the right to practice law is a privilege, but also upon the fact that an applicant, upon his admission to the bar, becomes an officer of the court, who should be a citizen of the state.''

Other cases that lend approval to the citizenship requirement, here assailed, are *Bosque* v. *United States,* 209 U. S. 91 [28 Sup. Ct. 501, 52 L. Ed. 698], and *In re Robinson,* 82 Neb. 172 [117 N. W. 352, 17 Ann. Cas. 878].

In conclusion it might be added that the only effect of our statute is to require petitioner, upon becoming a citizen to pass the bar examination. This would not appear to be an unreasonable requirement.

The petition is denied and the action of The State Bar approved.

Seawell, J., Thompson, J., Preston, J., Langdon, J., and Shenk, J., concurred.